1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    JEKE D. WEST,                                    Civil No.    11cv1415-IEG (WVG)

12                              Plaintiff,             **ORDER DENYING MOTION FOR**
                                                       **EXTENSION OF TIME AND DENYING**
13                                                     **MOTION FOR STAY AND**
              v.                                       **ABEYANCE; and**
14
                                                       **NOTICE REGARDING POSSIBLE**
15    WARDEN OF DELANO PRISON,                         **DISMISSAL FOR FAILURE TO**
                                                       **SATISFY FILING FEE REQUIREMENT**
16                              Respondent.            **AND FAILURE TO USE COURT-**
                                                       **APPROVED PETITION FORM**
17

18          Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas

19    Corpus pursuant to 28 U.S.C. § 2254, accompanied by a Motion for Extension of Time and a

20    Motion for Stay and Abeyance.  Petitioner has not paid the $5.00 filing fee and has not filed an

21    application to proceed in forma pauperis.  Petitioner has also failed to use a court-approved

22    habeas petition form.  For the following reasons, the Court denies the Motion for Extension of

23    Time and the Motion Stay and Abeyance, and notifies Petitioner that failure to satisfy the filing

24    fee requirement and failure to submit an amended petition on a court-approved form will result

25    in dismissal of this action.

26              **FAILURE TO SATISFY FILING FEE REQUIREMENT**

27          This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified

28    to proceed in forma pauperis.  See Rule 3(a), 28 U.S.C. foll. § 2254.  ***Petitioner is advised that***

-1-                                                     11cv1415

***in order to avoid dismissal of his case, he must either pay the $5.00 filing fee or submit an application to proceed in forma pauperis no later than September 12, 2011.*** If Petitioner does not pay the $5.00 filing fee or submit an application to proceed in forma pauperis by that date, this case will be dismissed without prejudice, and Petitioner will have to begin again by filing a new petition which may be barred by the statute of limitations.[1]

## FAILURE TO USE PROPER FORM

Additionally, a Petition for a Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. See Rule 2(d), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the Petition must

---

[1] The Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

Statutory tolling of the statute of limitations is available while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2006) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), as amended 439 F.3d 993. Equitable tolling is also available, but only if Petitioner can show that "extraordinary circumstances" were a proximate cause of his inability to file his federal petition on time, and that he was diligent. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

11cv1415

be submitted upon a court-approved form and in accordance with the instructions approved by the Court. Id.; S.D. CAL. CIVLR HC.2(b).  Presently, Petitioner has not submitted his application for writ of habeas corpus on a court-approved form. ***Petitioner is advised that in order to avoid dismissal of his case, he must submit a First Amended Petition on a court-approved form no later than <u>September 12, 2011</u>.***

## MOTION FOR EXTENSION OF TIME

Petitioner requests an extension of time to file his federal habeas petition, indicating that he is "out to court in San Diego County on a child custody hearing and is without legal property, (i.e.) trial transcripts to support claims." (Mot. at 1.)  Petitioner appears to be concerned that because the California Supreme Court denied his petition for review almost exactly one year ago, the one-year statute of limitations applicable to habeas petitions filed pursuant to 28 U.S.C. § 2254 will expire before he is returned to the prison where his legal materials are located, which he apparently needs in order to file a complete federal habeas petition.  Although the Court makes no determination with respect to the statute of limitations at this time (such a determination will occur at a later stage of the proceedings if necessary), it appears from the information presently before the Court that the one-year statute of limitations in this case is not set to expire for approximately another three months.[2]

Furthermore, if Petitioner has additional claims he wishes to exhaust in state court, as his filing of a Motion for Stay and Abeyance would suggest, the statute of limitations might well be tolled during his state court post-conviction collateral proceedings.  (<u>See</u> footnote 1, <u>supra</u>.) Thus, Petitioner has not at this time demonstrated a need for an extension of time.  In any case, this Court does not have the authority to extend the statute of limitations, which is governed by

---

[2] The California Supreme Court denied Petitioner's petition for review on June 30, 2010.  <u>See</u> http://www.courtinfo.ca.gov (last visited June 30, 2011).  Assuming the one-year statute of limitations begins to run at the conclusion of direct review under 28 U.S.C. § 2244(d)(1)(A), that date is calculated as 90 days from the date the California Supreme Court denies review (if Petitioner did not seek certiorari in the United States Supreme Court), or on the day the United States Supreme Court denies certiorari (if Petitioner did seek certiorari in that Court).  <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir. 2002). Thus, although the Court is making no determination regarding the statute of limitations at this time, assuming no tolling is applicable here (<u>see</u> footnote 1 <u>supra</u>), and there being no indication that Petitioner sought certiorari in the United States Supreme Court, then Petitioner appears to have approximately 3 months left before the limitations period expires.

1  the triggering events and tolling provisions listed in footnote 1 above.  Accordingly, Petitioner's

2  Motion for Extension of Time is **DENIED**.

3  **MOTION FOR STAY AND ABEYANCE**

4      Petitioner has also filed a Motion for Stay and Abeyance.  In <u>Rhines v. Weber</u> the

5  Supreme Court held that District Courts have limited discretion to hold in abeyance a mixed

6  habeas petition, that is, one containing both exhausted and unexhausted claims, in order to

7  permit a petitioner to return to state court to exhaust additional claims while the federal

8  proceedings are stayed.  <u>Rhines</u>, 125 S.Ct. at 1534-35.  The <u>Rhines</u> Court held that "a stay and

9  abeyance 'should be available only in limited circumstances,' and is appropriate only when the

10 district court determines that there was 'good cause' for the failure to exhaust."  <u>Jackson v. Roe</u>,

11 425 F.3d 654, 661 (9th Cir. 2005) (quoting <u>Rhines</u>, 125 S.Ct. at 1535).

12     Petitioner has not identified any unexhausted claims he wishes to return to state court to

13 exhaust while the Petition is held in abeyance, and has not alleged good cause for his failure to

14 exhaust any potentially unexhausted claims.  In fact, Petitioner has not indicated that he has

15 exhausted his state court remedies with respect to the one claim he has presented in his Petition,

16 perhaps due to his failure to use a court-approved form.  According, the Motion for Stay and

17 Abeyance is **DENIED** without prejudice to Petitioner to renew his Motion, if he wishes, after

18 he has filed his First Amended Petition.

19     The Court cautions Petitioner that habeas petitioners who wish to challenge either their

20 state court conviction or the length of their confinement in state prison, must first exhaust state

21 judicial remedies.  28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987).

22 To exhaust state judicial remedies, a California state prisoner must present the California

23 Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her

24 federal habeas petition.  28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34.  Moreover, to

25 properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more

26 of his or her federal rights have been violated.  The Supreme Court in <u>Duncan v. Henry</u>, 513

27 U.S. 364 (1995) reasoned:  "If state courts are to be given the opportunity to correct alleged

28 violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners

11cv1415

1    are asserting claims <u>under the United States Constitution</u>." <u>Id.</u> at 365-66 (emphasis added).  For

2    example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial

3    denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she]

4    must say so, not only in federal court, but in state court." <u>Id.</u> at 366 (emphasis added).

5                           **<u>CONCLUSION AND ORDER</u>**

6        Petitioner's Motion for Extension of time is **DENIED**.  Petitioner's Motion for Stay and

7    Abeyance is **DENIED** without prejudice to its renewal after Petitioner files a First Amended

8    Petition.  Petitioner is **NOTIFIED** that in order to avoid dismissal of this action he must satisfy

9    the filing fee requirement **and** file a First Amended Petition on a court-approved form on or

10    before **<u>September 12, 2011.</u>**  The Clerk of Court shall send Petitioner a blank Southern District

11    of California amended petition form and a blank Southern District of California In Forma

12    Pauperis application along with a copy of this Order.

13        **IT IS SO ORDERED.**

14    **DATED:  June 30, 2011**

15

16    **IRMA E. GONZALEZ, Chief Judge**
       **United States District Court**

17

18

19

20

21

22

23

24

25

26

27

28

11cv1415