UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEKE D. WEST,<br><br>                                   Plaintiff,<br><br>           v.<br><br>WARDEN OF DELANO PRISON,<br><br>                                   Respondent. | Civil No.   11cv1415-IEG (WVG)<br><br>**ORDER DENYING MOTION FOR DOCUMENTING CIRCUMSTANCES BEYOND PETITIONER'S CONTROL** |

On June 27, 2011, Petitioner, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, accompanied by a Motion for Extension of Time and a Motion for Stay and Abeyance. (Doc. No. 1.)

On June 30, 2010, the Court notified Petitioner that the Petition was subject to dismissal for failure to satisfy the filing fee requirement because Petitioner had not paid the $5.00 filing fee and had not filed an application to proceed in forma pauperis. (Doc. No. 2.) Petitioner was also notified that the Petition was subject to dismissal because Petitioner had failed to use a court-approved habeas petition form. (Id.) The Court at that time also denied the Motion for Extension of Time and the Motion Stay and Abeyance. (Id.) Petitioner was notified that in order to avoid dismissal of this action, he had to satisfy the filing fee requirement and file a First Amended Petition on a court-approved form on or before September 12, 2011. (Id.) Petitioner was provided with a blank amended petition form and a blank in forma pauper application along with a copy of that Order. (Id.)

Petitioner has now filed a Motion for Documenting Circumstances Beyond Petitioner's Control for Future Equitable Tolling Request. (Doc. No. 4.) Petitioner indicates, as he did in his original Motion for extension of time, that he is "out to court on a child custody matter," and has been housed at the George Bailey Detention Facility for the past four months. (Pet.'s Mot. at 1.) He states that he has been separated from his legal and personal property for that entire time, which has remained behind at Kern Valley State Prison where he is usually housed. (Id.) Petitioner states that he is concerned that his one-year statute of limitations will expire before he is returned to Kern Valley State Prison, and states that until he is reunited with his legal and personal property he has "no means of preparing and submitting a meaningful legal brief on my behalf to challenge the illegality of my conviction and Prison Sentence." (Id.)

Petitioner has been provided with appropriate forms necessary to avoid dismissal of this action and the deadline to fill them out and return them to the Court in order to avoid dismissal will not expire until September 12, 2011. Petitioner has not established that he is unable to fill out the amended habeas petition form, which does not require legal briefing, without access to his legal and personal property. Nor has he alleged that he has requested access to that property and the request denied. Thus, the Court will not extend the deadline to submit those forms in order to avoid dismissal of this action. Furthermore, the information contained in the present Motion is already contained in Petitioner's previous filings, and Petitioner has therefore adequately made a record of his contentions. According, the instant Motion is **DENIED**.

## CONCLUSION AND ORDER

Petitioner's Motion for Documenting Circumstances Beyond Petitioner's Control for Future Equitable Tolling Request is **DENIED**. Petitioner is once again **NOTIFIED** that in order to avoid dismissal of this action he must satisfy the filing fee requirement **and** file a First Amended Petition on a court-approved form on or before **September 12, 2011.**

DATED: August 23, 2011

*Irma E. Gonzalez*
Chief Judge Irma E. Gonzalez
United States District Court

Copies to:   ALL PARTIES